UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY P.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5001 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by discounting his symptom testimony and two treating doctors' opinions. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 53 years old, has a high school education, and has no past relevant work. Dkt. 8, Admin. Transcript (Tr.) 26. Plaintiff alleges disability as of his November 2016 application date. Tr. 17. Based on the severe impairment of status post-colorectal cancer with fecal incontinence, the ALJ found Plaintiff required ready access to bathroom facilities but could perform light work with additional postural and environmental limitations. Tr. 20, 23.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Medical Opinions**

A treating physician's opinion is generally entitled to greater weight than an examining or nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

**1.    Ronald Goldberg, M.D., and Donald Lee, M.D.**

In July 2018, treating physician Dr. Goldberg filled out a Request for Medical Opinion stating Plaintiff reported "frequent accidents that require he clean himself and change his clothing." Tr. 684. Treating physician Dr. Lee filled out a Request for Medical Opinion, opining two to three days per week Plaintiff had urgent bowel movements every 15 to 60 minutes. Tr. 686. The ALJ gave their opinions "little weight" based on conflicting opinions and because their treatment notes did not reflect disabling impairments. Tr. 25-26.

**2.    Thomas Baker, M.D.**

The ALJ and the Commissioner rely heavily on the opinions of treating physician Dr. Baker to reject Plaintiff's other treating doctors' opinions. But Dr. Baker, while opining Plaintiff could perform work at the medium-exertion level, also opined he had "[m]arked" limitation, defined as "[v]ery significant interference with the ability to perform one or more basic work-related activities," based on "chronic stool incontinence." Tr. 578-80. The mischaracterization of Dr. Baker's opinions as supporting the capacity for full-time work undermines the ALJ's

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

reliance on them to discount Dr. Goldberg's and Dr. Lee's opinions.

      **3.     Treatment Notes**

      The ALJ found Dr. Goldberg's and Dr. Lee's treatment notes failed to support their opinions. Plaintiff fails to identify supportive treatment notes. However, the Commissioner's own citations to the record undermine his arguments. For example, the Commissioner states Plaintiff denied fecal incontinence, but cites to records denying *urinary* incontinence. *See*, *e.g.*, Tr. 789. Plaintiff expressly complained of diarrhea in several records the Commissioner misinterprets as denying it. Tr. 789, 801, 804. Repeated mischaracterizations of the record undermine the ALJ's conclusion that the record as a whole contradicts Dr. Goldberg's and Dr. Lee's opinions.

      The Court concludes the ALJ erred by discounting Dr. Goldberg's and Dr. Lee's opinions without a specific and legitimate reason. On remand the ALJ will also have the opportunity to consider another Request for Medical Opinion Dr. Lee filled out in January 2019 clarifying his 2018 opinions.

**B.     Plaintiff's Testimony**

      The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. In an October 2018 hearing before the ALJ, Plaintiff testified two to three days per week he has such frequent diarrhea that he only leaves the bathroom for short periods, such as 10 to 15 minutes. Tr. 93, 106. The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence and his activities. Tr. 24.

      As discussed above the ALJ and the Commissioner mischaracterize the record, failing to recognize frequent complaints of diarrhea and incontinence. An ALJ may not reject evidence

based on an inaccurate portrayal of the record.  *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").  Conflict with the medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ cited Plaintiff's activities of taking care of his elderly mother and doing household chores.  Plaintiff testified he assists his mother in walking to and from the bathroom.  Tr. 98.  He prepares simple meals for her and himself.  Tr. 94.  In an April 2017 Function Report Plaintiff stated he does household chores such as vacuuming and laundry.  Tr. 346.  But these activities are not necessarily inconsistent with Plaintiff's testimony.  Plaintiff testified on his worst days he can only perform activities such as helping his mother "during very short periods in between these bathroom breaks."  Tr. 107.  Conflict with activities was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Goldberg's and Dr. Lee's opinions and Plaintiff's testimony, reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 3rd day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE